IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                           ORDER

          Plaintiff,

                                           3:07-cv-00685-bbc
                                           3:04-cr-00164-bbc

     v.

RAUL ROMERO,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Raul Romero has filed a "Petition to District Court for Issuance of Certificate of Appealability" from the judgment entered in this case on December 12, 2007. He has not filed a notice of appeal or paid the $455 filing that is required if he is to take an appeal from the denial of his § 2255 motion.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22.  Therefore, I construe defendant's motion as including a notice of appeal and a request for leave to proceed in forma pauperis on appeal pursuant to 28 U.S.C. § 1915.

      According to 28 U.S.C. § 1915(a), a defendant who is found eligible for court-appointed counsel in the district court proceedings may proceed on appeal in forma pauperis without further authorization "unless the district court shall certify that the appeal is not

taken in good faith or shall find that the party is otherwise not entitled so to proceed." Defendant had court-appointed counsel. Therefore, he can proceed in forma pauperis on appeal unless I find that his appeal is taken in bad faith. In this case, I have to make that finding. No reasonable person could suppose that there is merit to defendant's appeal from this court's finding that his § 2255 motion raises claims that cannot be heard under § 2255 because they were raised or could have been raised on direct appeal, as is required for a finding that the appeal is taken in good faith. Therefore, I must deny defendant's request to proceed in forma pauperis on appeal.

Next, I will decide the motion for a certificate of appealability, which defendant must have if he is to appeal the denial of his motion for post conviction relief brought pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22. Such a certificate shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). Before issuing a certificate of appealability, a district court must find that the issues the applicant wishes to raise are ones that "are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." Barefoot v. Estelle, 463 U.S 880, 893 n.4 (1983). "[T]he standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding." Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000).

2

None of defendant's challenges to his sentence met the standard for an appeal to be taken in good faith. Thus, they fail at the outset the more demanding standard for a certificate of appealability. The law is clear on the subject of rearguing issues raised on direct appeal. Accordingly, the issues defendant seeks to raise on appeal are not debatable among reasonable jurists; no court would resolve the issues differently; and the questions are not adequate to deserve encouragement to proceed further. Therefore, I decline to issue a certificate of appealability.

ORDER

IT IS ORDERED that defendant Raul Romero's request for leave to proceed in forma pauperis on appeal and his request for a certificate of appealability are DENIED.

Entered this 14th day of February, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4

Case: 3:07-cv-00685-bbc   Document #: 6   Filed: 02/15/08   Page 4 of 4